Ou v. Holder

BIA
A099 928 392

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5ᵗʰ day of September, two thousand thirteen.

PRESENT:
     ROBERT A. KATZMANN,
          *Chief Judge*,
     RICHARD C. WESLEY,
     DENNY CHIN,
          *Circuit Judges*.

_____

SHOU CHUN OU,
     *Petitioner*,

          v.                                    12-1713
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
     *Respondent*.

_____

FOR PETITIONER:        Norman Kwai Wing Wong, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Cindy S. Ferrier,
                       Assistant Director; Matt A. Crapo,
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shou Chun Ou, a native and citizen of the People's Republic of China, seeks review of an April 6, 2012, decision of the BIA denying his motion to remand. *In re Shou Chun Ou*, No. A099 928 392 (B.I.A. Apr. 6, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to remand for abuse of discretion. *See Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 151 (2d Cir. 2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005) (per curiam) (internal quotations omitted). A motion to remand may be denied when the movant fails to establish his *prima facie* eligibility for the relief sought. *See Li Yong Cao*, 421 F.3d at 156-57.

In this case, the BIA did not abuse its discretion in denying Ou's motion to remand based on his failure to establish his *prima facie* eligibility for relief because the evidence he presented did not demonstrate a pattern or practice of persecution of Christians in China. *See*

8 C.F.R. § 1208.16(b)(2)(i) (providing that an applicant shall not be required to show that he will be singled out individually for persecution if he establishes that there is a pattern or practice of persecution of a group of similarly situated persons); *Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007) (noting that the standard that persecution be "systemic, pervasive, or organized" to constitute a pattern or practice appeared reasonable). Although suppression of religious groups in China occurs, because religious freedom varies widely within China, substantial evidence supports the BIA's conclusion that Ou did not show that the persecution of Christians in China was so systemic, pervasive, or organized as to constitute a pattern or practice of persecution of all Chinese Christians. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (finding no error in agency's pattern and practice finding when its determination was supported by country conditions evidence

3

in the record); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008)(we review the agency's factual findings under the substantial evidence standard); *id*. at 150 & n.6 (upholding BIA's determination that where persecution varies, the applicant is required to show a pattern or practice in his home province); *Li Yong Cao*, 421 F.3d at 156.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4